# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-822V
Filed: August 14, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| FELICIA THOMAS, *as executor for* | * | UNPUBLISHED |
| *the estate of* ZAIRE CORVELL | * | |
| THOMAS, *deceased*, | * | |
| | * | Dismissal; Diphtheria-tetanus-acellular |
| Petitioner, | * | pertussis ("DTaP") Vaccine; Hepatitis B |
| | * | Vaccine; Inactivated Poliovirus ("IPV") |
| v. | * | Vaccine; Hemophilus influenzae B |
| | * | ("Hib") Vaccine; Pneumococcal |
| SECRETARY OF HEALTH | * | Conjugate Vaccine; Rotavirus Vaccine; |
| AND HUMAN SERVICES, | * | Cardiac Arrest; Death. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Joseph Krueger, Esq.,* Siri & Glimstad, LLP, New York, NY, for petitioner.
*Sarah Duncan, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### **DECISION**[1]

**Roth,** Special Master:

      On June 19, 2017, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of her minor child, Zaire Corvell Thomas. Petitioner alleged that Zaire received diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B, inactivated poliovirus ("IPV"), hemophilus influenzae B ("Hib"),

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

pneumococcal conjugate, and rotavirus vaccinations on December 23, 2015 and March 3, 2016, which resulted in Zaire's subsequent cardiac arrest and death. The information in the record, however, does not show entitlement to an award under the Program. On August 13, 2018, petitioner filed a Motion for Dismissal Decision requesting that her case be dismissed. ECF No. 26.

To receive compensation under the Program, petitioner must prove either 1) that Zaire suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccinations, or 2) that Zaire suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Zaire suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that Zaire's alleged injuries were vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that Zaire suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master