# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-822V
Filed: June 13, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| FELICA THOMAS, as executor for the Estate of ZAIRE CORVELL THOMAS, Deceased, | UNPUBLISHED |
| Petitioner, | Motion for Redaction of Attorneys' Fees and Costs Decision; |
| v. | 42 U.S.C. § 300aa-12(d)(4)(B); Privacy; Medical Information |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

### ORDER ON PETITIONER'S MOTION FOR REDACTION

**Roth**, Special Master:

On June 19, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[1] (the "Vaccine Act" or "Program"). The petition alleged that petitioner's minor child, Zaire Corvell Thomas, received several vaccinations which caused sudden cardiac death and other injuries. Petition at 1. The petition was later dismissed. *See* ECF No. 27.

On April 29, 2019, I issued a Decision on Attorneys' Fees and Costs. *See* ECF No. 35. On May 13, 2019, petitioner timely filed a Motion to Redact. ECF No. 36. In her Motion, petitioner requested redaction of "certain medical information in her OB/GYN records that were required to be filed in this case and that were disclosed in the April 29, 2019 decision awarding attorneys' fees and costs." Motion to Redact at 1. Petitioner argues that redaction of this information is appropriate under § 12(d)(4)(B) because "[d]isclosure of this medical information to the public would be embarrassing and would constitute a clearly unwarranted invasion of privacy." *Id*. Petitioner submitted that she "has an adequate and understandable interest in avoiding disclosure of her personal OB/GYN health information." *Id*. at 2. Petitioner further submitted that the information she "is requesting to be redacted…is not central to the subject matter of this case and redaction of this information does not affect the underlying purpose of the Vaccine Act's public disclosure

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

requirements." *Id*. In accordance with Vaccine Rule 18(b), petitioner attached a proposed redacted version of my ruling. *See* Proposed Redacted Decision, ECF No. 36-1.

Respondent filed a response on May 28, 2019. Response, ECF No. 38. Respondent did not oppose petitioner's Motion, but instead deferred "to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." Response at 4.

For the reasons discussed below, petitioner's motion is **granted.**

### I. Legal Authority

Members of the public have the right to access court documents. *See Nixon v. Warner Comm. Inc*, 435 U.S. 559, 597 (1978). Public disclosure of court records is essential to the development of the common law. When the Vaccine Program was established, Congress decided to have the claims adjudicated within the federal court system, indicating an intent that the traditional policy of public disclosure of judicial decisions should apply to Program cases. *Castagna v. Sec'y of Health and Human Servs.*, No. 99-411V, 2011 WL 4348135, at *1 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *see also Rhone Poulenc Argo, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1329 n.3 (Fed. Cir. 2002); *Anderson v. Sec'y of Health and Human Servs.*, 2014 WL 3294656 at *3. In some circumstances, courts seal or redact their decisions. However, it should be noted that the preferences of the parties about public access to decisions are not binding. *Reidell v. United States*, 47 Fed. Cl. 209 (2000) (declining to vacate the underlying decision as the parties had requested in settling the case).

The E-Government Act of 2002 requires that all federal courts maintain a website to provide public access to "docket information for each case" and "access to the substance of all written opinions issued by the court." E-Government Act § 205(a). To implement this law, the Court of Federal Claims added RCFC 5.2, which allows for redactions of electronic filings that contain social security numbers, taxpayer-identification numbers, birth dates, account numbers, or the name of a minor. RCFC 5.2(a). *See also Pearson v. Sec'y of Dep't of Health and Human Servs.*, No. 03-2751V, 2011 WL 4863717, at *3 (Fed. Cl. Spec. Mstr. Sept. 22, 2011).

Section 12(d)(4)(B) of the Vaccine Act governs redactions. It states:

A decision of a special master in a proceeding shall be disclosed, except that if the decision is to include information –
(i)  which is trade secret or commercial or financial information which is privileged and confidential, or
(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

The Court of Appeals for the Federal Circuit has yet to interpret this provision, meaning that there is no binding authority regarding how the provision should be applied. As this case does not

involve trade secrets or commercial or financial information, petitioner's request relies upon § 12(d)(4)(B)(ii). The question thus becomes: what constitutes a "clearly unwarranted invasion of privacy"?

In an absence of binding precedent, special masters have generally not favored redactions, although there are some notable exceptions. Special masters are often more lenient in granting requests for redaction in cases involving minors. All other redactions are based upon a petitioner's unique circumstances. However, in recent years, special masters have generally only rarely found that an adult petitioner's circumstances warrant redaction.

### A. Rulings denying redaction

Several special masters have concluded that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. Further, special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee placed his or her medical condition in contention by filing a claim. Moreover, the publication of Program decisions is necessary so that future petitioners can see what types of cases are meritorious.

In *Langland*, the petitioners requested the redaction of either all medical information or all identifying information. The then-Chief Special Master denied the petitioners' request, ruling that special masters may only redact medical information "if the requesting party can show that disclosure would be an invasion of privacy, and that that invasion would be 'clearly unwarranted.'" *Langland v. Sec'y of Health and Human Servs.*, No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). The then-Chief Special Master found that "the context of the statutory structure" and the "emphatic language" employed by Congress in § 12(d)(4)(B) mean that "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." *Id*.

The Court of Federal Claims affirmed the Chief Special Master's determination and analysis of the redaction issue in a footnote. 109 Fed. Cl. 421, 424 n.1 (2013). Generally, petitioners must make a strong showing that redaction is warranted in order for their requests to be granted. *See also Castagna v. Sec'y of Health and Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health and Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).

### B. Rulings granting redaction

Although recently special masters have generally followed the *Langland* approach, on occasion, special masters and judges have found redactions to be warranted. In *W.C.*, the special master initially denied petitioner's motion to redact. On review, a judge of the Court of Federal Claims reversed. The court determined that, given their similarities, the Vaccine Act's privacy provisions should be read in concert with the Freedom of Information Act's privacy provisions. The court then endorsed a balancing test. The court stated that the special masters' decisions had to contain petitioners' medical information in order to allow the law to develop. However, the

judge concluded that it was not necessary for a vaccinee's name to be made public. *W.C. v. Sec'y of Health and Human Servs.*, 100 Fed. Cl. 440, 456-61 (2011).

The petitioner in *W.C.* presented unique circumstances. He argued that disclosure of his medical information would be a clearly unwarranted invasion of privacy because it could undermine his career. The petitioner in that case was a federal employee whose position required him to testify on behalf of the government. He was concerned that public disclosure of his medical condition could discredit his testimony. *Id*. at 447. The court found that redaction of petitioner's name was proper, but it retained the medical information in the decision.

## II. Discussion

The standard set by *Langland* requires a compelling reason for redaction, which must be "tailored to meet the individual interest it serves." *Anderson*, 2014 WL 3294656, at *5 (citing *Langland*, 2011 WL 802695, at *7-8). In the instant case, petitioner has requested redaction of certain information relating to her OB/GYN history. *See* Motion to Redact at 1. The information that petitioner has requested to be redacted is extremely delicate and personal. Petitioner's request is narrowly tailored to a select few details, the redaction of which would not affect the public's ability to understand the basis for the Decision. A redacted Decision would still provide an in-depth recitation of the vaccinee's medical history, thus comporting with the purpose of the public disclosure requirement. Accordingly, the invasion of privacy to petitioner in disclosing her OB/GYN history is "clearly unwarranted" when issuing a redacted Decision would satisfy the Vaccine Act's public disclosure requirement. *Ranjbar v. Sec'y of Health & Human Servs.*, No. 15-905V, 2016 WL 4191127 (Fed. Cl. Spec. Mstr. Jun. 21, 2016) (citing *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (Fed. Cl. 2011) (finding that any invasion of privacy threatened by disclosure is "clearly unwarranted" when there is no relevant public purpose to be weighed against a threatened invasion)).

## III. Conclusion.

Petitioner's Motion to Redact is therefore **granted**. The original Decision that I issued on April 29, 2019, shall be redacted as set forth in petitioner's proposed redacted version of the Decision and published thirty-five days after this Order is issued.

**IT IS SO ORDERED.**

*s/Mindy Michaels Roth*
Mindy Michaels Roth
Special Master
